IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**ROY TURNER and**
**MADELINE CONNOR,**
       **Plaintiffs,**

Case No.: 14-006396- CI

vs.

Division:

**INSURANCE COMPANY OF**
**NORTH AMERICA,**
       **Defendant.**
_____/

## COMPLAINT FOR BREACH OF CONTRACT
## AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, ROY TURNER and MADELINE TURNER (hereinafter "TURNER and CONNOR"), by and through their undersigned attorney, and file this Complaint against Defendant, INSURANCE COMPANY OF NORTH AMERICA (hereinafter "ICNA"), and as grounds therefore state as follows:

### Breach of Contract

1. At all times relevant hereto, TURNER and CONNOR were citizens of the State of Florida, residing in Pinellas County.

2. At all times material hereto, ICNA, was an insurance company organized and existing under the laws of a state other than the State of Florida but did business in the State of Florida.

3. The amount in controversy in this action exceeds the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of pre-judgment interest, court costs, and attorney's fees.

4. This is an action for monetary damages for breach of insurance contract against ICNA.

5. In consideration of the premium paid to it, ICNA issued to TURNER and CONNOR a contract of insurance bearing Policy No. Y07147569, which insured a vessel bearing Hull Identification Number STNAG063H001 for the time period of September 30, 2011 to September 30, 2012.

1

6. Attached hereto as Exhibit "A" is a true and complete copy of a letter dated August 16, 2012 issued by R. Michael Burns as claim director of ACE North American Claims.

7. Attached hereto as Exhibit "B" is a true and complete copy of a notarized certification dated August 9, 2012 issued by Susan I. Norton as an underwriter on behalf of ACE Recreational Marine Insurance.

8. Attached hereto as Exhibit "C" is a true and complete copy of the yacht insurance policy bearing policy number Y07147569 which Susan I. Norton enclosed with her certification referenced in the preceding paragraph.

9. The original documents of attached copies of Exhibits "B" and "C" were sent via express mail by R. Michael Burns as claim director of ACE North American Claims with his letter identified herein as Exhibit "A" to Goodman-Gable-Gould/Adjusters International on August 16, 2012.

10. That R. Michael Burns knew when he sent Exhibit "A" that Goodman-Gable-Gould/Adjusters International were acting as a representative and public adjuster on behalf of TURNER and CONNOR concerning the claim in issue herein.

11. On or about March 17, 2012, TURNER and CONNOR's vessel and personal property situated therein which were insured pursuant to the terms and conditions as set forth in Exhibit "C" suffered accidental direct physical loss and damages.

12. The accidental direct physical loss and damages to TURNER and CONNOR's vessel was caused by a latent defect.

13. Accidental direct physical loss and damages caused by a latent defect is a insured peril pursuant to the terms and conditions as set forth in Exhibit "C".

14. The company which provided the insurance pursuant to the terms and conditions as set forth in Exhibit "C" is ICNA.

15. TURNER and CONNOR made a timely claim to ICNA for the accidental direct physical loss and damages which are in issue herein.

16. TURNER and CONNOR have requested ICNA to pay them for their accidental direct physical loss and damages, but ICNA has refused to pay them and ICNA continues to refuse to pay them for their loss and damages.

17. TURNER and CONNOR have done and performed all matters and things properly required of them pursuant to the terms and conditions as set forth in Exhibit "C"; or, alternatively, have been excused from performance by the acts, representations, and/or conduct of ICNA.

18. As a proximate result of the conduct alleged herein, ICNA has breached the terms and conditions as set forth in Exhibit "C" and TURNER and CONNOR have been financially damaged and continue to suffer monetary damages.

19. As a result of ICNA's breach of its insurance contract, it has become necessary for TURNER and CONNOR to incur and become obligated for attorney's fees and costs in connection with the prosecution of this action, and TURNER and CONNOR are entitled to have ICNA pay said fees and costs pursuant to Florida Statutes section 627.428.

WHEREFORE, TURNER and CONNOR pray this Court order INSURANCE COMPANY OF NORTH AMERICA to award them their monetary damages pursuant to Exhibit "C", pre-judgment interest, costs of this action, attorney's fees, and such other and further relief as this Court may deem appropriate.

**Plaintiffs request a trial by jury on all issues so triable.**

Respectively submitted,

Bob G. Freemon, Esquire, FBN# 0328294
Ron A. Hobgood, Esquire, FBN# 197161

Freemon & Miller, P.A.
8381 Gunn Highway
Tampa, Florida 33626
(813) 926-0777 telephone
(813) 926-1777 facsimile
Eservice@FreemonMiller.com
Attorneys for Plaintiffs